(No. 45967.—

BARRINGTON CONSOLIDATED HIGH SCHOOL *et al.*, Appellants, v. THE AMERICAN INSURANCE COMPANY *et al.*, Appellees.

*Opinion filed Sept. 17, 1974.—Rehearing denied Nov. 26, 1974.*

Allyn J. Franke, Ralph Miller, of Franke and Miller, of Chicago (Ralph Miller, of counsel), for appellants.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan (Julian Johnson, of counsel), for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

In July 1971 the Barrington Consolidated High School, School District 224 of Barrington, Illinois, and Kathleen Van Ness Lawyer, a former teacher in the school district, filed a complaint for declaratory judgment in the circuit court of Lake County under section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57.1) against the American Insurance Company and its successor in interest, the Fireman's Fund Insurance Companies, as the public-liability insurers for the plaintiff district and its employees. Nominal defendants in the action were Susan Schafer and her father, Leo Schafer, who earlier had brought a personal injury suit against the plaintiff school district, and Kathleen Van Ness Lawyer. The plaintiffs brought the declaratory judgment action when the insurers refused to defend them in the suit brought by the Schafers. The trial court in the declaratory judgment action held that the insurers had breached the terms of their policy with the plaintiff school district by failing to

defend. The appellate court reversed (11 Ill. App. 3d 180), and we granted the plaintiffs' petition for leave to appeal.

In January 1965 Susan Schafer, a minor and a student at Barrington Consolidated High School, when participating in a physical education class, jumped over a gymnastic device and injured her leg. Kathleen Lawyer, her physical education teacher, who resigned her employment in June 1965, testified that she had no recollection of the incident. But Susan testified that she spoke to Mrs. Lawyer about her injury and she believed that she later gave the teacher a note from her physician asking that she be excused from further class activity. The note is not in the record; the physician is deceased; and there is no suggestion the note was anything but a request to have Susan excused. At some point thereafter, Susan Schafer testified, she spoke to the school nurse, Mrs. Boehme, who gave her a form to submit to the school's accident and health insurance insurer, the Guarantee Trust Insurance Company.

The only communication between the school and Susan Schafer's parents was through a copy of a letter the parents had addressed to the Lake County superintendent of schools. They had sent copies of the letter to J. S. Gillis, the principal, and to other administrators in the school system. The letter concerned the making of provisions for home-tutoring of Susan beginning in September 1965. It also referred to the parents' dissatisfaction with "the insurance company." The Schafers testified that the insurance company they referred to was the Guarantee Trust Insurance Company, the insurer with which they had filed the health and accident insurance form. There was nothing in the letter to suggest that the Schafers considered the plaintiffs liable for the injury to Susan and there is no other indication in the record that they regarded the plaintiffs as responsible, prior to their filing suit against the plaintiffs in February 1969.

Shortly after the filing of suit by the Schafers the

school notified Fireman's Fund Companies of the bringing of the action.

On March 24, 1969, the insurer advised the school it would not defend, since notice of the accident of 1965 had not been given "as soon as practicable," a term of its policy, and the insurer's ability to defend had therefore been prejudiced.

The policy contained this notice provision:

"10. Notice of Occurrence or Accident. In the event of an occurrence or accident, written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident or occurrence, the names and addresses of the injured and of available witnesses."

A provision in an insurance liability policy requiring an insured to give the insurer notice of an accident is a reasonable policy requirement, one which affords the insurer an opportunity to make a timely and thorough investigation and to gather and preserve possible evidence. *McFadyen v. North River Insurance Co.*, 62 Ill. App. 2d 164.

The question presented is whether the requirement of giving notice under this policy was satisfied.

Provisions in policies stating when the insurer must be notified of a covered occurrence have generally been interpreted to require notification of the company within a reasonable time, considering all the facts and circumstances of the particular case. Decisions illustrating this general holding include *Walsh v. State Farm Mutual Automobile Insurance Co.*, 91 Ill. App. 2d 156; *Hoffman & Klemperer Co. v. Ocean Accident & Guaranty Corp.* (7th Cir. 1961), 292 F.2d 324; see also 18 A.L.R.2d 443, 448 (1951).

Couch's comment on the term used in the policy here

for the time of reporting, "As soon as is practicable" is: " 'As soon as practicable' in a policy covering liability for personal injury and property damage means within a reasonable time, and what is a reasonable time depends upon the facts and circumstances of the case." 13 Couch on Insurance 2d sec. 49:328 (1965); see also 2 Long, The Law of Liability Insurance sec. 13.09 (1974).

Considering the facts and circumstances here we judge that the requirement that the insurer be notified "as soon as practicable" was satisfied. We do not consider there was ground for the insured reasonably to believe that a claim under the liability policy would be made by the Schafers. Susan did sustain an injury and she says she told Mrs. Lawyer of it. She did secure from the school nurse, it would appear, a health and accident insurance claim form, but there was no contention made or suggested that Susan had been injured as a result of the fault of the school or the teacher. She had been engaged in activities usual in physical education classes. Considering the nature of the class activities, injuries to students do occur and without the fault of the school or instructor. The parents of Susan did send a copy of the letter they had sent to the superintendent of schools of Lake County to the principal of the Barrington High School, but the letter, in the main, concerned arranging for Susan's being tutored at home. The parents expressed dissatisfaction with an "insurance company" in the letter, but at the hearing conducted in the trial court they testified that the company to which they referred was the health and accident insurance company. Their letter did not contend that Susan had been injured as a result of anyone's fault. An insurance policy's requirement of giving notice obviously refers to an occurrence or accident covered by the policy, and prior to the filing of such suit here there was nothing to cause the school reasonably to believe that the injury might give rise to a claim for damages.

It cannot be plausibly said that by the notice

provision the insurer intended that every occurrence or accident had to be reported to it. Rather such notification was not intended to be furnished, or it was intended that it was to be excused if under the circumstances of the occurrence or accident there was no ground for the insured as a reasonable person to believe that a claim under the policy would be made. That this was the intention of the insurer is illustrated, we believe, by a letter the insurer addressed on May 12, 1969, to the broker for the plaintiff high school. The insurer's letter was a response to the school's beginning to forward to the insurer a notice of every accident occurring at school. The letter states in part: "The list of accidents which accompanied your letter of May 7 is not necessary to the maintenance of our records, and will not prevent the occurrence of a case such as the recent one where we found it necessary to deny coverage. I think it is quite important that the business manager understand that this is not a substitute for keeping the insurance carrier advised of events subsequent to the accident."

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*