59 Ill. App.3d 548 (1978)
375 N.E.2d 862
In re WILLIAM PEAK, a Minor.  (THE DEPARTMENT OF MENTAL HEALTH, Appellant,
v.
THE COUNTY OF MADISON, Appellee.)
No. 76-468.
Illinois Appellate Court  Fifth District.
Opinion filed March 29, 1978.
*549 William J. Scott, Attorney General, of Springfield (Ronald W. Olsen, Assistant Attorney General, of counsel), for appellant.
Nicholas G. Byron, State's Attorney, of Edwardsville (Richard Rybak, Assistant State's Attorney, of counsel), for appellee.
Judgment reversed.
Mr. JUSTICE JONES delivered the opinion of the court:
In the instant action the Department of Mental Health and Development Disabilities, the Department, appeals from the entry of judgment of the circuit court of Madison County requiring the Department to pay the expenses of treatment and care for William Peak, a minor committed by the court to a private psychiatric Children's Hospital, the Nachusa Lutheran Home for Children located at Nachusa, Illinois.
The factual background of the dispute follows. On March 10, 1976, a petition was filed in the Madison County circuit court pursuant to section 2-4 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702-4) alleging that William Peak was neglected in that his behavior was injurious to his welfare. In a March 11 hearing the court found the minor to be neglected, placed temporary care and custody with the Department of Children and Family Services, and placed the minor at Warren G. Murray Children's Center, Centralia, Illinois, a psychiatric facility operated by the Department.
On March 24, 1976, the court entered a second order which recited:
"The court having previously entered a finding of probable cause following a hearing to determine the above named minor to be a person described in Section 702-1 of the Juvenile Court Act and having further found that it is a matter of immediate and urgent necessity that a temporary custodian be appointed for the protection of the minor and that he be placed in a shelter care facility and provided such medical, psychiatric and psychological treatment as may be required, and having entered a temporary order on March 11, 1976, placing the minor in the temporary custody of the Department of Children and Family Services of the State of Illinois and directing that the Illinois Department of Mental Health cooperate with the Department of Children and Family Services in effectuating temporary placement of the minor at Warren G. Murray Children's Center, Centralia, Illinois, and the Court now being advised that a more suitable placement is available for the minor at Nachusa Lutheran Home for Children, Nachusa, Illinois, hereby orders pursuant to authority of Section 703-7 of the Juvenile Court Act that the above named minor, William Peak, be transported from Warren G. Murray Children's *550 Center to the Nachusa Lutheran Home for Children for placement there pending further order of the Court with the director of such facility being granted the power and authority to consent to any necessary medical treatment, psychiatric or psychological treatment and evaluation as the staff at such placement may determine necessary or require. The Illinois Department of Mental Health is ordered to arrange for transportation of the minor to Nachusa, Illinois, for such placement and the Illinois Department of Mental Health is further ordered to assume financial responsibility for any expense incurred in connection with such placement * * *."
On March 30, 1976, the court modified its previous order as follows:
"The court hereby modifies its order previously entered on March 24, 1976, as follows:
(1) The court hereby terminates the temporary custody of the Department of Children and Family Services and appoints as the minor's temporary custodian, Thurl Jones, Chief Probation Officer, Madison County, Illinois;
(2) The Court hereby orders the Sheriff of Madison County or his deputies to transport the minor from Warren G. Murray Children's Center, Centralia, Illinois to Nachusa Lutheran Home for Children, Nachusa, Illinois, upon the minor's discharge from Murray Children's Center;
As previously ordered, the Director of Nachusa Lutheran Home for Children is hereby granted the power and authority to consent to such medical psychiatric and psychological treatment as the minor may require while in placement in said facility.
The Illinois Department of Mental Health is ordered to assume financial responsibility for any expense incurred in connection with the minor's placement at Nachusa Lutheran Home for Children * * *."
The minor was transported to Nachusa by the chief probation officer of Madison County. He remained there until July 12, 1976, when he was admitted to the Singer Zone Center, a facility operated by the Department, following what is described in the correspondence shown in the record as a "psychotic episode." A hearing was held July 19, 1976, at Singer Zone Center at which a judge of the Seventeenth Judicial Circuit found the minor to be in need of mental treatment and committed him to the custody of the Department and placed him at the Singer Zone Center for treatment.
A letter from the Director of Nachusa, dated July 23, 1976, indicates that Nachusa would not accept the minor back after discharge from *551 Singer as they had found him unmanagable and also because they had not been reimbursed for the care previously provided to the minor.
After treatment at Singer the minor was released into the custody of an officer of the Madison County probation department.
A dispositional hearing was held in the Madison County circuit court on November 10, 1976, at which the Illinois Department of Children and Family Services was appointed guardian of the minor with initial placement to be with the minor's brother.
Counsel for the Department filed objections to the March 24 order set forth above and a motion to vacate the March 30 amending order. On September 14, 1976, the court denied the relief requested.
The argument advanced to uphold the orders of the circuit court of Madison County is, simply stated, that the powers conferred upon the court under the Juvenile Court Act are sufficiently broad to support the orders of the court in the instant case. It is urged that the Act is designed to foster, preserve, and protect the welfare and best interests of minors and so vested the court with those powers necessary to take whatever actions were needed to protect the welfare and best interest of William Peak. Further it is argued that in ordering the Department to assume responsibility for the expenses of William Peak at a private psychiatric children's home the court was merely requiring the Department to perform its statutory duty to provide adequate care and treatment as prescribed by the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91 1/2, par. 1-1 et seq.).
We view the pivotal question presented by this appeal to be whether the juvenile court of Madison County could grant relief beyond that specified by statute. We answer that question in the negative, relying upon In re Washington, 65 Ill.2d 391, 359 N.E.2d 133, and In re Petition of Owen, 54 Ill.2d 104, 295 N.E.2d 455. Both cases involved attempts by lower courts to grant relief beyond that provided for in the Juvenile Court Act. In Owen the court enjoined the Department of Corrections from continuing certain practices regarding the disciplinary use of solitary confinement and tranquilizing drugs, and directed the Department to establish certain regulations and guidelines for the use of these methods of discipline, setting forth in detail the guidelines those regulations should follow.
In the Washington case the court entered an injunction prohibiting the continuation of certain practices at the St. Charles Youth center relating to the use of solitary confinement. In both cases the Supreme Court found that the circuit court was not empowered to grant relief beyond that specified in the Juvenile Court Act.
The same reasoning will apply in the instant case. The circuit court may *552 not exceed its statutory authority no matter how desirable or beneficial the attempted innovation might be. (In re Washington; In re Owen; Droste v. Kerner, 34 Ill.2d 495, 217 N.E.2d 73; Rios v. Jones, 25 Ill. App.3d 381, 323 N.E.2d 380.) There is no provision in the Juvenile Court Act for the placement of the minor at a private psychiatric hospital nor for requiring the Department to pay the costs of his treatment after such placement.
It is true, as Madison County points out, that the Mental Health Code authorizes a patient to be released from a hospital and placed in a shelter care home and if "a person is placed in a facility outside the Department, the Department may pay the actual costs of residence, treatment or maintenance in such facility * * *." (Ill. Rev. Stat. 1975, ch. 91 1/2, par. 100-15.) However, this section applies only when a patient has been committed to the custody of the Department through the use of the procedures outlined in the Mental Health Code and does not apply when those procedures have not been followed, as here. The minor was not subject to the jurisdiction of the Department and accordingly the Department could not be ordered to assume the costs of his treatment in a private facility.
Reversed.
EBERSPACHER, P.J., and KARNS, J., concur.