CORONET INSURANCE COMPANY, Plaintiff-Appellant, v. CEDRIC FERRILL, Defendant-Appellee.

First District (2nd Division)   No. 84—2412

Opinion filed June 28, 1985.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellant.

Arthur H. Levinson, of Michael D. Spinak & Associates, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Coronet Insurance Company (Coronet), sought a declaratory judgment establishing that defendant, Cedric Ferrill, who had been struck by another motorist (other motorist) in a collision, was not entitled to uninsured motorist coverage under his Coronet insurance policy. Ferrill, seeking such coverage after discovering the insolvency of the other motorist's insurer, filed a motion for summary judgment, to which Coronet filed a cross-motion, the latter alleging that Ferrill failed to comply with a notice provision in the policy. The circuit court granted Ferrill's motion. Coronet filed this timely appeal in which it raises the issue of whether the notice provision in its insurance policy violates any law or public policy, thereby rendering it unenforceable.

Ferrill was injured on December 29, 1977, in the accident. The other motorist was insured by Kenilworth Insurance Company (Kenilworth), which was declared insolvent by circuit court order on April 20, 1982, almost four years and four months later. At the time of the accident, Ferrill's Coronet automobile insurance policy provided compensation for injuries caused by uninsured motorists, which by definition included those who had an applicable insurance policy at the time of the accident but whose insurer subsequently became insolvent. This latter provision required that an insured making an uninsured motorist claim based on the insolvency of a tortfeasor's insurer must notify Coronet of his intent to make such a claim within one year of the insolvency.

In his affidavit in support of his motion for summary judgment, Ferrill averred that he received notice of Kenilworth's insolvency on or about July 8, 1982, and had no awareness of Kenilworth's liquida-

tion or insolvency before that date. On May 23, 1983, he filed his claim for uninsured motorist coverage under the Coronet insurance policy; more than one year after Kenilworth was declared insolvent but less than one year after he learned of the insolvency. On June 24, 1983, Coronet disclaimed coverage.

Coronet's declaratory judgment action alleged that Ferrill was not entitled to its uninsured motorist coverage because he did not give Coronet notice of his claim within one year of Kenilworth's becoming insolvent. Ferrill's motion for summary judgment was supported by a memorandum, exhibits and his affidavit concerning lack of knowledge. Coronet filed a response and a cross-motion for summary judgment. Coronet's response to Ferrill's motion was also supported by exhibits as well as an affidavit of Garry L. Smith, general counsel of Kenilworth's liquidator, which averred that notice of the circuit court's liquidation order was sent by the liquidator to Ferrill on July 6, 1982, and that proofs of claims against the estate were filed on Ferrill's be-, half on July 16, 1982, and January 24, 1983.

The circuit court found that "the one-year time limit, which is stated in the policy provision, began to run, in this particular case, when *** [d]efendant *** Ferrill received notice of the insolvency of Kenilworth Insurance Company on July 8, 1982." The court granted Ferrill's motion for summary judgment, denied Coronet's cross-motion for summary judgment, and held that Ferrill's claim on May 23, 1983, for uninsured motorist coverage was made within the one-year policy limitation and that he was entitled to such coverage.

■ As Coronet correctly argues, parties to an insurance contract may include within it any provision they desire which does not violate law or public policy, and courts must enforce such provisions as they are made without rewriting them or injecting terms upon which the parties have not agreed. (*Moscov v. Mutual Life Insurance Co.* (1944), 387 Ill. 378, 383, 56 N.E.2d 399; *Pioneer Life Insurance Co. v. Alliance Life Insurance Co.* (1940), 374 Ill. 576, 590, 30 N.E.2d 66; *Lentin v. Continental Assurance Co.* (1952), 412 Ill. 158, 162-63, 105 N.E.2d 735; *Nationwide Insurance Co. v. Ervin* (1967), 87 Ill. App. 2d 432, 435, 231 N.E.2d 112.) A contract will not be enforced, however, if it is in fundamental conflict with public policy. (*J&K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 683, 456 N.E.2d 889.) To be deemed illegal, a contract must expressly contravene a law or a known public policy. *J.E.L. Realtors, Inc. v. Mettille* (1982), 111 Ill. App. 3d 987, 990, 444 N.E.2d 750; *Gowdy v. Richter* (1974), 20 Ill. App. 3d 514, 525, 314 N.E.2d 549.

■ Coronet contends that the provision in its insurance policy re-

quiring notice of an uninsured motorist claim within one year of a tortfeasor's insurer becoming insolvent is neither illegal nor in violation of public policy. Coronet notes that while section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a) (Code) requires that automobile insurance policies provide uninsured motorist coverage, and that such coverage must be applicable when the tortfeasor's insurer becomes insolvent, the section states that such coverage is "subject to the terms and conditions" established by the insurer. Coronet submits that its provision is a term or condition of uninsured motorist coverage allowed by the Code.

The validity of notice provisions in insurance policies has been upheld in Illinois. (*Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 281, 319 N.E.2d 25; *American Home Assurance Co. v. City of Granite City* (1978), 59 Ill. App. 3d 656, 659, 375 N.E.2d 969; *Kenworthy v. Bituminous Casualty Corp.* (1975), 28 Ill. App. 3d 546, 548, 328 N.E.2d 588.) Public policy recognizes an insurer's legitimate interest in being able to make a timely and thorough investigation of a claim. (*Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 319 N.E.2d 25; *Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 694, 344 N.E.2d 635.) An insurer may disclaim coverage regardless of whether it was prejudiced by an insured's failure to give notice (*INA Insurance Co. v. City of Chicago* (1978), 62 Ill. App. 3d 80, 83, 379 N.E.2d 34), because compliance with a notice provision can be a condition precedent to coverage (*City of Chicago v. United States Fire Insurance Co.* (1970), 124 Ill. App. 2d 340, 347-48, 260 N.E.2d 276). Public policy is not necessarily violated when giving effect to clear language of an insurance policy which may work to the insured's disappointment. *Putnam v. New Amersterdam Casualty Co.* (1970), 48 Ill. 2d 71, 86, 269 N.E.2d 97; *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 426, 401 N.E.2d 539.

Notwithstanding the validity of notice provisions in general, which are validated as reasonable requirements because they afford insurers necessary opportunities to investigate claims (*Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 319 N.E.2d 25), the notice to which Coronet claims it was entitled would have been nearly 5½ years after the accident of which it already had notice giving rise to the claim. The provision in question here does not operate as a true notice provision because the notice which Coronet demands could not have afforded it any more meaningful opportunities for investigation than the 5½ years it already had within which to do so. The one-year limit serves no notice purposes

other than to limit Coronet's liability.

Ferrill's argument, that the policy provision should not be enforced because it is fundamentally unfair to charge a claimant with notice to the other motorist's insurer's insolvency, is not without appeal. He urges this court to find that any limitation period placed upon an insured's right to bring an uninsured motorist claim should be measured from the date upon which the insolvency is known to the insured. To hold otherwise, Ferrill submits, could result in a situation in which the limitation period expires before a claimant has discovered that the tortfeasor's insurer is insolvent. He posits a hypothetical situation in which a tortfeasor's insurer is declared insolvent in less than one year from the time of an insured's injury. In such a situation, a one-year policy limitation would require the insured to bring an uninsured motorist claim in less time than prescribed by the two-year statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—202) applicable to the personal injury claim against the tortfeasor.

The purpose of section 143a of the Code is to place an insured in essentially the same position as if the motorist had been insured within the legal minimum. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 334, 312 N.E.2d 247.) This court recently acknowledged this purpose in *Curtis v. Birch* (1983), 114 Ill. App. 3d 127, 130, 448 N.E.2d 591, and in *Samack v. Travelers Insurance Co.* (1982), 111 Ill. App. 3d 61, 65-66, 443 N.E.2d 765, we recognized that courts have rejected restrictive policy provisions in furtherance of the legislative goal of providing extensive uninsured motorist coverage. In view of such legislative intent and case precedent, we are of the opinion that the challenged one-year notice provision as applied to these circumstances impermissibly limits the time within which the policyholder may assert the insolvency of his opponent's insurer to one year, whether the policyholder knows of it or not.

The cases cited by Coronet upholding the validity of notice provisions are distinguishable. First, none of them were concerned with uninsured motorist claims. Second, they involved insurance policies requiring notice of claims within an unspecified reasonable or practicable time (*Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 319 N.E.2d 25; *American Home Assurance Co. v. City of Granite City* (1978), 59 Ill. App. 3d 656, 375 N.E.2d 862; *Kenworthy v. Bituminous Casualty Corp.* (1975), 28 Ill. App. 3d 546, 328 N.E.2d 588; *Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 344 N.E.2d 635), rather than within a fixed limit, as here.

The preceding cases demonstrate the courts' concern for and consideration of fundamental fairness in each case. Under the instant provision, the limitations period begins to run from the time the tortfeasor's insurer becomes insolvent, an event of which the insured may not be aware. Here, Ferrill did not learn of the insolvency until 2½ months after it occurred. He notified Coronet of this fact within a year after he learned of it. An analogy to the discovery rule, similar to those which have been recognized by Illinois courts in other contexts (see *e.g., Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169, 421 N.E.2d 864; *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656; *Aspegren v. Howmedica, Inc.* (1984), 129 Ill. App. 3d 402, 472 N.E.2d 822; *Port City Leasing v. Loffredo* (1983), 114 Ill. App. 3d 775, 449 N.E.2d 907), would have applicability to the facts before us. Under this rule, the one-year notice period requirement would not begin to run until the claimant knew or reasonably should have known of the insolvency of the other motorist's insurer.

This approach would satisfy the remedial character of section 143a of the Code in order to provide the desired broad protection of an insured against bodily injuries caused by uninsured motorists (*Barnes v. Powell* (1971), 49 Ill. 2d 449, 275 N.E.2d 377), and at the same time, give full, fair and reasonable effect to the policy terms as written. Although what is reasonable or practicable notice after knowledge is ordinarily a question of fact (*e.g., Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 319 N.E.2d 25), by their affidavits filed in support of their respective motions for summary judgment both parties here agree that notice was given by Ferrill to Coronet within the one-year policy period after he was sent notice of the insolvency, leaving no fact question to be decided.

For the foregoing reasons, we find no error in the result reached by the circuit court and, accordingly, affirm.

Affirmed.

STAMOS, P.J., and PERLIN, J., concur.