NO. 4-03-1014

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

TROY PARISH and DEBRA PARISH,

          Plaintiffs-Appellants,

          v. 

COUNTRY MUTUAL INSURANCE COMPANY,

          Defendant-Appellee.

)

)

)

)

)

)))

Appeal from

Circuit Court of

Sangamon County

No. 03MR252

Honorable

Leo J. Zappa, Jr., 

Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

In June 2003, Troy and Debra Parish filed a complaint against Country Mutual Insurance Company (Country Mutual), seeking declaratory relief.  In October 2003, Country Mutual filed a motion to dismiss Troy and Debra's complaint.  In November 2003, the trial court entered an order granting Country Mutual's motion to dismiss.  Troy and Debra appeal, arguing the two-year limitations provision to bring any legal action against Country Mutual found in the insurance policy impermissibly limited the time they could assert a claim for underinsured benefits under the policy.  We affirm.

I. BACKGROUND

Debra Parish was involved in a motor vehicle accident on March 16, 1999.  Debra allegedly sustained injuries as a result of the accident.  As of July 26, 2001, Country Mutual, Debra's insurer, had paid $1,842.10 for Debra's medical treatment under the med-pay provision of the insurance policy.  In September 2001, more than two years after the accident, Debra had surgery as a result of the accident.         

The other driver involved in the accident with Debra was insured by Geico Direct Insurance (Geico).  Sometime prior to December 27, 2002, Debra settled with Geico for the limits of its policy, $20,000.  On December 27, 2002, Troy and Debra placed Country Mutual on notice of their intent to file a claim under the underinsured provisions of their insurance policy.  In April 2003, Country Mutual denied any underinsured coverage because the time for Troy and Debra to present an underinsured motorist claim under the insurance policy expired in May 2001, two years after the date of the accident.

In June 2003, Troy and Debra filed a complaint against Country Mutual, asking the trial court to declare Troy and Debra were entitled to the underinsured coverage.  In October 2003, Country Mutual filed a motion to dismiss Troy and Debra's complaint based on the two-year limitations clause found in the policy.  In November 2003, the court granted Country Mutual's motion to dismiss.  This appeal followed.

II. ANALYSIS

According to Troy and Debra's brief, they concede the two-year limitations clause at issue in this case has been upheld by Illinois courts in many situations.  However, Troy and Debra argue the facts in this case distinguish this case from those prior decisions.  We disagree and affirm.

A. Standard of Review

Country Mutual states in its brief "[t]he decision to grant or deny a request for declaratory relief rests within the sound discretion of the trial court, and that determination will not be disturbed absent an abuse thereof."  Troy and Debra also state in their brief the trial court's "decision is in error and against the manifest weight of the evidence."  However, because the trial court granted Country Mutual's motion to dismiss under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2002)), we review the decision 
de
 
novo
.  
AG Farms, Inc. v. American Premier Underwriters, Inc.
, 296 Ill. App. 3d 684, 688, 695 N.E.2d 882, 886 (1998).  The parties "fail to distinguish between refusing to grant declaratory relief after consideration of the merits and granting of a motion to dismiss on the pleadings."  
AG Farms
, 296 Ill. App. 3d at 688, 695 N.E.2d at 886.

B. Insurance Policy Provisions

Section 2 of the insurance policy at issue explains the uninsured and underinsured motorist coverage provided by the policy.  Under section 2, the policy lists a series of conditions pertaining to the uninsured and underinsured motorist coverage the policy provides.  The final condition listed under section 2 states:

"
Legal Action Against Us.
  No suit, action, or arbitration proceedings for recovery of any claim may be brought against us until the 
insured
 has fully complied with all the terms of this policy.  Further, any suit, action, or arbitration will be barred unless commenced within two years after the date of the accident.  Arbitration proceedings will not commence until 
we
 receive 
your
 written demand for arbitration." (Emphasis in original).

In this case, Troy and Debra did not inform Country Mutual of their intent to file a claim under the underinsured provisions of their insurance policy until December 2002, more than three years and nine months after Debra's accident.  

According to the Illinois Supreme Court:

"In construing an insurance policy, the court must ascertain the intent of the parties to the contract.  [Citations.]  To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole [citations] with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract [citation].  If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning.  [Citations.]  However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous [citation] and will be construed in favor of the insured and against the insurer who drafted the policy [citations]."  (Emphasis omitted.)  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108-09, 607 N.E.2d 1204, 1212-13 (1992).     

Troy and Debra do not argue the terms of the policy are ambiguous.  Therefore, we give the terms of the policy their plain meaning.  Under the plain meaning of the aforementioned policy provision, the policy required Troy and Debra to commence any legal action for underinsured benefits against Country Mutual within two years of the date of Debra's accident.  According to the policy, because Troy and Debra failed to commence their legal action against Country Mutual within two years of the date of the accident, their claim against Country Mutual is barred.

However, Troy and Debra argue the time-limitation provision is against public policy.  An insurance policy is a contract between the company and the policyholder.  
Outboard Marine Corp.
, 154 Ill. 2d at 108, 607 N.E.2d at 1212.  Unless the terms of the contract are against public policy when applied, the terms determine the benefits available under the contract.  
State Farm Mutual Automobile Insurance Co. v. Villicana
, 181 Ill. 2d 436, 442, 692 N.E.2d 1196, 1199 (1998).  This court has held declaring a policy provision void as against public policy is an "extraordinary remedy," which this court finds "unpalatable."  
Vansickle v. Country Mutual Insurance Co.
, 272 Ill. App. 3d 841, 842-43, 651 N.E.2d 706, 707 (1995).  In this case, Troy and Debra correctly concede the limitations provision at issue in this case has been upheld by this court as well as others in many situations.  See 
Shelton v. Country Mutual Insurance Co.
, 161 Ill. App. 3d 652, 515 N.E.2d 235 (1987) (First District); 
Hannigan v. Country Mutual Insurance Co.
, 264 Ill. App. 3d 336, 636 N.E.2d 897 (1994) (First District);  
Vansickle
, 272 Ill. App. 3d 841, 651 N.E.2d 706; 
Flatt v. Country Mutual Insurance Co.
, 289 Ill. App. 3d 1097, 682 N.E.2d 1228 (1997) (Fourth District); 
Hale v. Country Mutual Insurance Co.
, 334 Ill. App. 3d 751, 778 N.E.2d 721 (2002) (Fifth District).  Troy and Debra fail to cite any authority where the limitations provision at issue in this case has not been upheld.  However, Troy and Debra argue this case is factually distinct from the other cases where this clause has been upheld because the "insured did not in any way appreciate the value of her damages previous to this two[-]year time period passing."  

While this might be true, "[i]nsurance companies are entitled to reasonably limit their exposure from an insurance contract."  
Vansickle
, 272 Ill. App. 3d at 843, 651 N.E.2d at 707.  This court has previously stated:

"We are not unmindful of the problems created when an insured's legal action against a tortfeasor is prolonged past the two-year period.  Nevertheless, the insured can sufficiently allege a cause of action for UIM motorist benefits if she has sufficient facts to proceed against the tortfeasor.  The only additional allegations required are that the insured's damages and UM-UIM coverage exceed the torfeasor's liability insurance.  Insurance companies that utilize suit limitation provisions must expect to be subjected to lawsuits which allege the likelihood of liability under the UM-UIM coverage.  Of course, the insurance company can avoid the lawsuit by agreeing with the insured to put the UM-UIM issue on hold until the resolution of the action against the tortfeasor.  As a practical matter, this is an insurance company's probable (and most reasonable) course of action."  
Vansickle
, 272 Ill. App. 3d at 843, 651 N.E.2d at 707.

While Troy and Debra argue they were not aware of the extent of their damages until after the two-year limitations period had passed, they should have been aware of the tortfeasor's limited insurance coverage from Geico and the possibility their damages could exceed the tortfeasor's limited coverage over the period of months or years necessary to resolve their claim.   

Troy and Debra cite the Fifth District Appellate Court's decision in 
Hale
, 334 Ill. App. 3d 751, 778 N.E.2d 721, for the following proposition:

"The purpose of the limitations clause is notification--not a trap for insureds failing to use the precise wording suggested by the insurer.  To hold otherwise would mean that with every minor claim, the attorney would need to formally request arbitration or fear malpractice for failing to do so.  The insurance industry could not desire that outcome because its companies would be inundated with premature arbitration demands.  Use of the exact words should not dictate coverage or lack thereof.  The form of filing an underinsured-motorist claim, which necessitates an arbitration demand, should not dictate the substance of the request.  To the extent that other cases are contrary to our holding, we disagree with those cases."  
Hale
, 334 Ill. App. 3d at 755, 778 N.E.2d at 724.

However, this case is distinguishable from 
Hale
.  In 
Hale
, the plaintiff's attorney sent a letter to Country Mutual within the two-year time limit after his accident.  The letter stated:

"'I have been retained to represent your insured, Mark Hale, for injuries sustained in a motor vehicle accident on April 11, 1997.  It appears that we have an underinsured claim.  At this time I ask that you disclose the underinsured motorist and medical payments policy limits of Mr. Hale.'"  
Hale
, 334 Ill. App. 3d at 753, 778 N.E.2d at 722.

In the instant case, neither Troy nor Debra informed Country Mutual they had an underinsured motorist claim within the two years provided by the policy.  Because Troy and Debra did not notify Country Mutual of their underinsured claim in any manner in the two years after the accident, we do not need to determine whether we agree with the Fifth District's reasoning that an insured need not formally demand arbitration to preserve his or her right to make a claim against Country Mutual for underinsured benefits so long as the insured notifies Country Mutual of the insured's belief he or she has an underinsured claim.

 Troy and Debra also argue this case is similar to the First District Appellate Court's decision in 
Coronet Insurance Co. v. Ferrill
, 134 Ill. App. 3d 483, 481 N.E.2d 43 (1985).  They argue "the notice provision in this case impermissibly limited the time within which the [p]laintiff could assert her claim for damages because the insured did not in any way appreciate the value of her damages previous to this two-year time period passing."  However, this case is distinguishable from 
Coronet
.

The insurance policy provision at issue in 
Coronet
 "required that an insured making an uninsured motorist claim based on the insolvency of a tortfeasor's insurer must notify Coronet of his intent to make such a claim within one year of the insolvency."  
Coronet
, 134 Ill. App. 3d at 484, 481 N.E.2d at 45.  According to the First District:

"Under the instant provision, the limitations period begins to run from the time the tortfeasor's insurer became insolvent, an event of which the insured may not be aware.  Here, Ferrill did not learn of the insolvency until 2 1/2 months after it occurred.  He notified Coronet of this fact within a year after he learned of it.  An analogy to the discovery rule, similar to those which have been recognized by Illinois courts in other contexts [citations] would have applicability to the facts before us.  Under this rule, the one- year[-]notice[-]period requirement would not begin to run until the claimant knew or reasonably should have known of the insolvency of the other motorist's insurer."  
Coronet
, 134 Ill. App. 3d at 488, 481 N.E.2d at 47. 

In this case, the two-year limitations period began to run on the day of the accident, a date of which Troy and Debra were well aware.  

In interpreting the same limitations provision at issue in the case at bar, the First District Appellate Court stated:

"The policy provision at issue here was clear in its requirements, making it unnecessary for the discovery rule to be applied.  The policy stated that the demand for arbitration must be brought within two years of the accident.  Therefore, there was no need to determine when plaintiff knew or should have known of the existence of the right to sue.  The claim was to be made within two years of the accident."  
Hannigan
, 264 Ill. App. 3d at 343, 636 N.E.2d at 902.

We agree, the discovery rule does not apply to the limitations provision at issue in this case.

As a result of the above analysis, we find the time-limitation provision at issue in this case does not violate public policy.  Public policy does not require invalidation of a clearly written provision simply to avoid disappointment to an insured.  
Menke v. Country Mutual Insurance Co.
, 78 Ill. 2d 420, 426, 401 N.E.2d 539, 542 (1980).  Therefore, the trial court did not err in granting Country Mutual's motion to dismiss.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, P.J., and TURNER, J., concur.