**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD E. MYERS; SARAH
MYERS,

        Plaintiffs-Appellants,

v.

COUNTRY MUTUAL INSURANCE
COMPANY,

        Defendant-Intervenor-
Appellee.

No. 04-7009
(D.C. No. 03-CV-77-P)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this diversity case, plaintiffs-appellants Richard and Sarah Myers appeal the district court's entry of summary judgment in favor of defendant-intervenor-appellee Country Mutual Insurance Company (Country). The district court concluded that Illinois law governs the provisions of the auto insurance policy that plaintiffs purchased from Country, and that under Illinois law plaintiffs' claim against Country for underinsured motorist coverage was barred by the two-year limitations period contained in the policy. Having conducted the required de novo review of the district court's summary judgment order, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998), we affirm.

On February 23, 2001, while plaintiffs were traveling through Oklahoma, their car was struck by a car being driven by Harlan Mogck. Plaintiffs are residents of Illinois and Mogck is a resident of Oklahoma. Country is incorporated and domiciled in Illinois. At the time of the accident, plaintiffs were insured under an auto insurance policy that they purchased from Country in Illinois.

Plaintiffs were injured in the accident, and they filed the instant diversity action against Mogck on February 3, 2003. Plaintiffs did not name Country as a defendant in their complaint. Instead, on April 23, 2003, plaintiffs' counsel sent a letter to Country notifying it that plaintiffs had filed suit against Mogck and that plaintiffs were asserting a claim against Country for underinsured motorist

benefits. Plaintiffs' counsel also "invited" Country to intervene in the case against Mogck, and counsel warned Country that it would "be bound by any verdict we may receive as a result of a jury trial." Aplt. Br., Ex. C.

Country subsequently filed an application to intervene in this action, and the district court granted the application. After both plaintiffs and Country filed motions for summary judgment, the district court entered an order granting summary judgment in favor of Country, concluding that: (1) "Illinois law governs the validity, interpretation, application and effect of the provisions of the [Country policy]"; and (2) "Plaintiffs have failed to comply with the policy provisions which expressly state[] that any suit, action or arbitration against [Country] is barred . . . [if] it [is] not commenced within two years after the accident." Aplee. Br., Att. A.

Plaintiffs claim the district court erred in concluding that Illinois law governs the Country policy. According to plaintiffs, because the accident occurred in Oklahoma and plaintiffs have sued the tortfeasor in Oklahoma, "Oklahoma public policy . . . prevent[s] the enforcement of the private two-year limitations provision." Aplt. Br. at 3. Plaintiffs assert that their claim against Country for underinsured motorists benefits was therefore not time-barred, relying on the Oklahoma Supreme Court's decision in *Uptegraft v. Home Ins. Co.*, 662 P.2d 681, 683 (Okla. 1983) (holding "that actions to recover a loss under . . .

uninsured motorist coverage are governed by [Oklahoma's] five year statute of limitations applicable to written contracts and that a provision in [an] insurance policy which limits the time for bringing a suit thereunder to less than the statutory period is void").  Alternatively, plaintiffs assert there is no timeliness problem here because Country's application to intervene relates back to the filing of the original action against Mogck.

"In a diversity case, we apply the substantive law of the forum state, including its choice of law rules."  *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 779 (10th Cir. 2004).  Under Oklahoma's choice of law rules, "[t]he validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made, unless those provisions are contrary to the public policy of Oklahoma . . . ."  *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla. 1991). "[U]nder *Bohannan* the public policy exception may be invoked only where the other state's laws [1] violated a clearly expressed public policy intended to apply to insurance policies effective in Oklahoma, or [2] would effectively deprive the insured of benefits bargained for under an Oklahoma insurance policy."  *Burgess v. State Farm Mut. Auto. Ins. Co.*, 77 P.3d 612, 615 (Okla. Ct. App. 2003) (quotation omitted).

Because Oklahoma has no connection to the Country policy beyond the purely fortuitous fact that the accident occurred in Oklahoma, we conclude that the two-year limitations period does not violate any public policy under Oklahoma law or deprive plaintiffs of any benefits bargained for under an Oklahoma insurance policy. Thus, we agree with the district court that Illinois law governs the Country policy, and that, under Illinois law, the two-year limitations period is enforceable and bars plaintiffs' claim against Country for underinsured motorist benefits. *See Parish v. Country Mut. Ins. Co.*, 814 N.E.2d 166, 168-71 (Ill. App. Ct. 2004) (enforcing identical two-year limitations period).

We also reject plaintiffs' argument that Country's application to intervene relates back to the filing of the original action against Mogck. To begin with, Fed. R. Civ. P. 24 does not contain a relation-back provision. In addition, because Country has denied coverage for underinsured motorist benefits, it is not a subrogated real party in interest, and there is no basis for applying the relation back provision in Fed. R. Civ. P. 17(a).

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge