**Audrey June ROBY, Appellant,**

v.

**William A. BAILEY, Jr., and Janet Lee Pitts, Defendants,**

**and**

**Automobile Club Inter–Insurance Exchange, Appellee.**

**No. 78699.**

Court of Appeals of Oklahoma, Division No. 1.

May 11, 1993.

Rehearing Denied June 22, 1993.

Eddie A. McCroskey, Poteau, for appellant.

George Zellmer, Allford, Ashmore, Ivester & Zellmer, McAlester, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Audrey June Roby appeals a trial court order, issued after pre-trial, which in effect granted summary judgment to Automobile Club Inter–Insurance Exchange (Club) on Roby's claim for benefits under an automobile insurance contract issued in Arkansas. For reversal, Roby argues not only that Oklahoma law should control, but also that even under Arkansas law summary judgment was inappropriate on this record. We agree that Arkansas law controls the rights of these parties, and we also conclude Roby failed to preserve for appellate review any issue concerning whether Arkansas law required judgment for Club. Therefore, we affirm.

## FACTS

Roby and her husband were residents of Arkansas[1]. The husband applied for and

---

1. According to discovery material in the record and Roby's brief, Roby was an Oklahoma resident at the time this action was filed.

purchased a personal injury and property damage liability insurance contract from Club which covered their automobiles. The contract listed both Roby and her husband as "named insured." The insurance contract was purchased and issued in Arkansas and included "uninsured motorist" coverage.

While driving one of the insured vehicles on Oklahoma roads, Roby was injured in a collision between her vehicle and a vehicle owned by Defendant Bailey, and driven by Defendant Pitts. Roby sued Bailey, Pitts, and Club. As to Club, Roby alleged that the other defendants' liability insurance, although in compliance with Oklahoma minimums, was insufficient to cover all of her damages. Shortly after filing the suit, Roby settled with Bailey and Pitts and dismissed them from the action, leaving Club as the only remaining defendant.

The parties agree that the contract issued by Club makes no provision for an "underinsured motorist." Unlike the law in Oklahoma, Arkansas makes a distinction between an "uninsured motorist", who does not have the minimum liability insurance, and an "underinsured motorist," who lacks sufficient liability insurance to pay an injured party's claim.[2] At pre-trial the trial court ordered the parties to brief the applicable Arkansas law. Club did so, attaching copies of Roby's contract and relevant Arkansas statutes. Club argued Roby did not have "underinsured" coverage and therefore had no valid claim. Roby responded by arguing that Oklahoma law, which includes underinsured coverage in uninsured coverage[3] and requires a written rejection by every named insured[4], should apply. Roby did not argue that she had underinsured coverage on these facts under Arkansas law. After considering the parties' briefs, the trial court concluded Arkansas

law applied and that Roby had no cause of action against Club. This appeal followed.

## ANALYSIS

Roby argues the trial court erred in applying Arkansas law to insurance coverage issued in that state where the accident occurred in Oklahoma. She contends *Bohannan v. Allstate Insurance Company*, 820 P.2d 787 (Okla.1991) required the trial court to conclude the application of Arkansas law would violate Oklahoma public policy, and therefore Oklahoma law should be applied.

In *Bohannan*, 820 P.2d at 797, the Oklahoma Supreme Court stated:

> Therefore, we adopt the following choice of laws rule to be applied in motor vehicle insurance cases involving *conflicting state laws*: The validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made, unless those provisions are contrary to the public policy of Oklahoma, or unless the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties. (Emphasis added.)

As is apparent from examining the facts in *Bohannan*, the fact the accident occurred in Oklahoma is not sufficient to give Oklahoma the "most significant relationship with the subject matter and the parties", and if Oklahoma law is to be applied to this insurance contract purchased and issued in Arkansas, it must be because application of Arkansas law violates Oklahoma public policy.

 In analyzing this issue, we must remember that a violation of Oklahoma

---

**2.** Arkansas law applicable at the time of this accident required coverage for uninsured motorists to be included in every motor vehicle liability policy *unless rejected in writing by* "any insured named in the policy." Arkansas Statutes, § 23–89–403. An insurance carrier writing automobile liability insurance is required to "make underinsured motorist coverage available to the named insured." Arkansas Statutes,

§ 23–89–209. The statute did not define "make available" or address whether a rejection in writing was required.

**3.** *See,* 36 O.S.1991 § 3636(C).

**4.** *See, Plaster v. State Farm Mutual Automobile Insurance Company,* 791 P.2d 813 (Okla.1989).

public policy is not equivalent to a conflict with Oklahoma law. A choice of law question always involves choosing between the "conflicting laws" of two or more states. Whether Roby would have underinsured coverage if this contract had been purchased and issued in Oklahoma is not the controlling question. A close reading of *Bohannan* reveals the public policy exception may be invoked only where the application of the other state's law violates a public policy clearly expressed by the Legislature and intended to be applicable to any insurance contract effective in Oklahoma or where application of the law of another state would effectively deprive the insured of benefits bargained for and received under an existing Oklahoma insurance contract.

*Bohannan* involved two questions: (1) whether the California insurer could offset Bohannan's recovery under an Oklahoma uninsured motorist contract against the insurer's liability under a California uninsured motorist contract, and (2) whether the California insurer could offset the recovery Bohannan received from the tortfeasor's liability insurer. The Court recognized that under Oklahoma law, both of these questions would receive a negative answer, but concluded Oklahoma law applied only to the first question because to do otherwise would deprive Bohannan of benefits accorded her under Oklahoma law and an existing Oklahoma insurance contract.

As to the second question, the Court concluded Oklahoma's prohibition against a liability benefits setoff would not be applied to a California uninsured motorist contract, stating: "Oklahoma public policy would not be offended by an express bargain contracted in California that liability benefits will be a credit or set off [sic] against California UM coverage." *Bohannan,* 820 P.2d at 793.

Our view of *Bohannan* is supported further by the manner in which the Court analyzed two earlier cases involving choice of laws in automobile insurance cases. In the first, *Pate v. MFA Mutual Insurance Company,* 649 P.2d 809 (Okla.App.1982),

Division 2 of this court held a setoff provision in an Arkansas insurance contract for medical payments violated 36 O.S.1981 § 6092 and was unenforceable in Oklahoma. Noting that § 6092 was expressly made applicable to any insurance contract *effective* in Oklahoma, the *Bohannan* Court approved the *Pate* result, while rejecting any of its reasoning which was in conflict with the language in *Bohannan.*

In the second case, *Rhody v. State Farm Mutual Insurance Company,* 771 F.2d 1416 (10th Cir.1985), the United States Court of Appeals for the Tenth Circuit applied Texas law prohibiting stacking of uninsured motorist coverage to a Texas insurance contract although the insured resided in Oklahoma and the accident occurred here. Although Oklahoma law would allow the stacking, the *Bohannan* Court approved *Rhody,* noting that *Rhody* did not involve a statute made applicable by the Legislature to all insurance contracts effective in Oklahoma. Referring to *Pate* and *Rhody,* the Court stated: "We would not disturb the application of the choice of laws rule in either of these cases." *Bohannan,* 820 P.2d at 793.

■ The Oklahoma law Roby seeks to apply to this case, 36 O.S.1991 § 3636 applies to insurance contracts "issued, delivered, renewed or extended in this state with respect to a motor vehicle registered or principally garaged in this state." Unlike the statute involved in *Pate,* this statute makes no attempt to control insurance contracts issued in other states for vehicles not registered or principally garaged in Oklahoma. Further, application of Arkansas law will not effectively deprive Roby of any benefit to which she is entitled under Oklahoma law and an existing Oklahoma insurance contract.

■ Neither the "most significant relationship" test nor the "public policy" test allows us to choose to apply Oklahoma law and disregard the law of the state where the contract was made. The trial court correctly concluded that Arkansas law governed Roby's claim.

On appeal, for the first time, Roby argues that questions of fact exist whether Club complied with Arkansas law and "made underinsured motorist coverage available" to her. Although she cites no direct Arkansas authority for this proposition, she argues not only that Club had the burden to prove compliance with this statutory requirement but that non-compliance would result in her having underinsured motorist coverage. However, Roby did not raise this question in the trial court, and a litigant may not secure reversal on appeal on issues and theories not raised in the trial court. *General Motors Corp. v. Oklahoma County Board of Equalization,* 678 P.2d 233 (Okla.1983), *cert. denied,* 466 U.S. 909, 104 S.Ct. 1689, 80 L.Ed.2d 163 (1984).

The trial court correctly ruled that Arkansas law applied to Roby's claim. Roby may not be heard on appeal to argue that her claim may be valid under Arkansas law. The trial court's judgment is affirmed.

AFFIRMED.

GARRETT, J., concurs in part and dissents in part.

JONES, J., concurs.