2001 OK CIV APP 82

**Joyce C. HERREN and Deryl Herren, Plaintiffs/Appellants/Counter–Appellees,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, INC., Defendant/Appellee/Counter–Appellant,**

and

**American Family Insurance Group, Defendant/Appellee.**

**No. 95,532.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 25, 2001.

Lynn B. Mares, Abel, Musser, Sokolosky, Mares & Kouri, Oklahoma City, OK, for Appellants/Counter–Appellees.

Michael C. Stewart, James W. Dobbs, Chubbuck, Smith, Rhodes, Stewart & Elder, Oklahoma City, OK, for Appellee/Counter–Appellant, Farm Bureau Mutual.

Kenneth D. Upton, Jr., Noland, Upton & Wenzel, P.C., Oklahoma City, OK, for Appellee, American Family Mutual Insurance Company.

HANSEN, Chief Judge:

¶ 1 In this action seeking recovery pursuant to uninsured/underinsured insurance coverage, Appellants, Joyce and Deryl Herren (Herrens), appeal from summary judgment granted in favor of Appellees, Farm Bureau Mutual Insurance Company (Farm Bureau) and American Family Insurance Group (American Family). Counter–Appellant

Farm Bureau appeals from the trial court's order denying its motion for summary judgment based on claimed lack of jurisdiction.

¶ 2 This litigation arises from injuries Joyce Herren sustained in a vehicle accident near Miami, Oklahoma. Deryl Herren claims derivative damages for loss of services, companionship and consortium. Joyce Herren settled with the tortfeasor's insurance company for $25,000.00, the policy liability limits. The parties agree her damages exceed $150,000.00, the combined limits of the liability coverage and all uninsured motorist coverage, if applicable. At the time of the accident, Joyce Herren was an insured under a motorist policy issued to her by American Family and four Farm Bureau policies issued to her husband and Co–Appellant, Deryl Herren.

¶ 3 The American Family policy was issued in Missouri while Joyce Herren was living there. The Farm Bureau policies were issued in Kansas to Deryl Herren at the time he was a Kansas resident. Before any of the policies were due for renewal, Herrens moved to Oklahoma and the accident occurred. Both insurance companies, applying the law of the respective states in which the policies were written, denied Herrens' claims.

¶ 4 Under the terms of American Family's Missouri policy, uninsured motorist coverage is available only if the third party tortfeasor has no liability coverage, or liability coverage with limits less than the minimum required by the financial responsibility laws of the state in which the vehicle is garaged. Here, the tortfeasor had liability coverage which met the minimum requirement.

¶ 5 The Farm Bureau Kansas policies provide underinsured coverage, but only where the third party's liability coverage is less than the uninsured coverage of the policy. Farm Bureau, citing *State Farm Mut. Auto. Inc. Co. v. Cummings,* 13 Kan.App.2d 630, 778 P.2d 370 (1989), asserts that under Kansas law, policy limits cannot be "stacked." That is, policy limits may not be added or combined, regardless of the number of vehicles involved or total amount of coverage for all the vehicles listed under a policy, to determine the limit of coverage. Farm Bureau denied coverage because the tortfeasor's lia-

bility limits were equal to policy limits on each of its policies issued to Deryl Herren.

¶ 6 When Farm Bureau and American Family denied their claims, Herrens initiated this action against them seeking recovery under uninsured/underinsured coverage. Farm Bureau answered and asserted a number of affirmative defenses, including, *inter alia,* lack of personal jurisdiction, insufficiency of process, improper venue, and failure to state a claim upon which relief may be granted. American Family also answered, and shortly thereafter moved to dismiss, citing as reasons the foregoing four affirmative defenses asserted by Farm Bureau. Farm Bureau subsequently filed a motion for summary judgment on the grounds of lack of personal jurisdiction, insufficient service and improper venue.

¶ 7 The trial court denied Farm Bureau's motion for summary judgment based on jurisdictional grounds. Farm Bureau then petitioned the Oklahoma Supreme Court to assume original jurisdiction for issuance of a writ of prohibition to prevent the trial court from exercising personal jurisdiction. The Supreme Court denied the writ.

¶ 8 After Herrens moved for summary judgment on choice-of-law and coverage issues, and both Appellees filed counter-motions for summary judgment, the trial court granted summary judgment in favor of both Appellee insurance companies. Herrens position was, and is, that under Oklahoma choice-of-law rules, Oklahoma law regarding underinsured coverage should be applied rather than the law of the state of policy issuance. Under Herrens' theory, the policy provisions upon which coverage was denied would be found contrary to Oklahoma's public policy and therefore legally unenforceable. Oklahoma law would allow underinsured motorist recovery against both insurers.

¶ 9 The trial court found that under *Bohannan v. Allstate Ins. Co.,* 1991 OK 64, 820 P.2d 787, the laws of the states in which the insurance policies were sold should govern, and consequently, no uninsured/underinsured coverage was available. In its counter-motion, Farm Bureau also reiterated its personal jurisdictional arguments, but the trial

court did not expressly rule on this issue in its final order. Herrens appeal from summary judgment in favor of Appellees, and Farm Bureau appeals contesting personal jurisdiction.

■ ¶ 10 Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics,* 1995 OK 21, 891 P.2d 1262 (Okla.1995). All inferences to be drawn from the underlying facts will be reviewed in the light most favorable to the party opposing the motion for summary judgment. *First State Bank v. Diamond Plastics,* at 1266.

■ ¶ 11 Herrens list four propositions of alleged trial court error, but the first three are essentially subsumed into the last, which contends the trial court erred in "granting summary judgment to Farm Bureau and American Family when exceptions to the *lex loci contractus* rule apply in this case involving Oklahoma residents' uninsured-motorist coverage."

¶ 12 The *lex loci contractus* rule is ".. used sometimes to denote the law of the place where the contract was made, and at other times to denote the law by which the contract is to be governed (*i.e.* place of its performance)." Black's Law Dictionary 911 (6th ed.1990). The rule is codified in Oklahoma law at 15 O.S.1991 § 162:

> A contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.

¶ 13 Our Supreme Court considered the application of § 162 to motor vehicle litigation in *Bohannan v. Allstate Ins. Co.,* 820 P.2d at 795. In *Bohannan,* a California resident was injured as a passenger in an Oklahoma vehicle accident. The issue was whether the law of Oklahoma or California determined the effect of the uninsured motorist provisions in the passenger's California vehicle insurance policy. The *Bohannan* Court adopted the following rule in motor vehicle insurance cases involving conflicting state laws:

> The validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made, unless those provisions are contrary to the public policy of Oklahoma, or unless the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties.

¶ 14 Having examined the holdings of several other states, the *Bohannan* Court aligned itself with the majority who continued to follow the *lex loci contractus* rule, but modified the rule to "allow consideration of the public policy of the forum and interests of the conflicting states." The *Bohannan* Court looked to Oklahoma public policy regarding uninsured motorist coverage as set out in 36 O.S.1981 § 3636.

¶ 15 Under California uninsured motorist law, insurers were allowed to reduce benefits for other specified benefits paid, and stacking of uninsured motorist benefits was prohibited. Oklahoma law did not allow set offs against uninsured motorist coverage and did allow stacking. Because Bohannan, the California passenger, was an insured under the Oklahoma driver's policy, the Court found to apply California law allowing a set off against uninsured motorist coverage would deprive an injured party the benefit of the Oklahoma uninsured motorist coverage and thus violate Oklahoma public policy as expressed in § 3636.

¶ 16 The *Bohannan* Court noted it would have found a California provision prohibiting stacking Oklahoma uninsured motorist coverage with California uninsured motorist coverage equally offensive to Oklahoma public policy as expressed in § 3636. On the other hand, the Court found reduction of the California uninsured motorist coverage by the amount of Oklahoma *liability* coverage would not offend Oklahoma public policy because the Oklahoma statutory mandate for minimum liability coverage did not bar set off. The *Bohannan* Court further observed the § 3636 bar against set off against liability

benefits is a limitation on insurance contracts issued *in this state.*

¶ 17 Similarly, the insurance policies in controversy here were not issued in Oklahoma. Because Joyce Herren was not an insured under any Oklahoma uninsured motorist coverage, application of the Kansas and Missouri provisions barring uninsured motorist coverage could not affect Oklahoma uninsured motorist coverage as it did in *Bohannan.* Thus, as in *Bohannan,* there is no violation of Oklahoma public policy as expressed in § 3636. Additionally, under *Bohannan,* set off against the tortfeasor's liability coverage which was effectively done here is not contrary to Oklahoma public policy.

¶ 18 A conflict with Oklahoma law is not equivalent to a violation of Oklahoma public policy. *Roby v. Bailey,* 1993 OK CIV APP 93, 856 P.2d 1013. In *Roby,* the Court of Civil Appeals concluded that under *Bohannan* the public policy exception may be invoked only where the other state's laws [1] violated a "clearly expressed" public policy intended to apply to insurance policies effective in Oklahoma, or [2] would effectively deprive the insured of benefits bargained for under an Oklahoma insurance policy. Neither circumstance is present here.

¶ 19 The facts here are more akin to those in *Rhody v. State Farm Mut. Ins. Co.,* 771 F.2d 1416 (10th Cir.1985). There, an Oklahoma resident who was insured under a Texas policy, was killed in a vehicle accident in Oklahoma. The Texas insurer, applying Texas law prohibiting stacking, disputed the right to stack the uninsured motorist coverage for the three vehicles covered by the policy. The Circuit Court agreed.

¶ 20 The *Bohannan* Court spoke approvingly of the Circuit Court of Appeals decision in *Rhody.* The *Bohannan* Court found, notwithstanding the relationship of the deceased to Oklahoma, the *lex loci contractus* rule "sufficiently served the interests of the parties and the public policy of the state." The Court reasoned the insurance contracts were purchased in Texas, presumably at the rates set in accordance with Texas law, and application of Texas law did not deny uninsured motorist benefits contracted for and paid pursuant to Oklahoma law. That same reasoning applies to the present case.

¶ 21 Herrens also assert the "significant relationship" test requires application of Oklahoma law, arguing their Oklahoma residence and garaging of their vehicles in Oklahoma. The Supreme Court rejected a similar argument in *Bohannan.* There it was argued the choice of law rules, as set forth in The Restatement (Second) Conflicts of Laws, gave greatest weight to location of the insured risk. In vehicle insurance, that is the place where the insured vehicle will be garaged most of the insured period. The Supreme Court noted:

> In first-party UM [uninsured motorist] coverage, location of the insured automobile does not attain greatest significance. The place of performance and the place of contracting are of greatest significance in this contract area pervaded by state statutes.

¶ 22 Here, Missouri and Kansas insurers issued policies to residents of their respective states, with the vehicles being garaged at the time of policy issuance in those states. Presumably, as in *Rhody,* premium rates were set according to the laws of Missouri and Kansas. As noted above, application of Missouri and Kansas law will not deprive Herrens of any insurance benefits contracted for and paid for pursuant to Oklahoma law. It is therefore appropriate to give the greatest significance to the laws of the place of contracting.

¶ 23 We find no basis for an exception to the *lex loci contractus* rule as expressed in *Bohannan.* The trial court's judgment is therefore affirmed. Because we affirm summary judgment in favor of Farm Bureau, we need not reach its counter-appeal based on personal jurisdiction. Farm Bureau has prevailed. We can grant no further relief. We will generally not make determinations where no practical relief may be granted.

¶ 24 AFFIRMED.

¶ 25 GARRETT, J., and BUETTNER, P.J., concur.