**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDY PAPA,

        Plaintiff-Appellant,

 v.

DONALD M. NOONE,

        Defendant,

AMERICAN HOME ASSURANCE
COMPANY,

        Defendant-Appellee,

AMERICAN HOME ASSURANCE
COMPANY,

        Plaintiff in Intervention,

 v.

DONALD M. NOONE,

        Defendant in Intervention.

No. 04-5106
(D.C. No. CV-03-326-H(M))
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Randy Papa, a resident of Louisiana, appeals the district court's grant of summary judgment in favor of defendant American Home Assurance Company, an Illinois corporation (AHA), on his complaint alleging wrongful denial of insurance coverage. Papa brought suit in Oklahoma state court, and AHA removed the action to the federal court. Exercising diversity jurisdiction and considering cross motions for summary judgment, the district court ruled that Texas law governed the interpretation of the insurance policy, and that under Texas law, Papa was not entitled to coverage. We affirm.

I.

The material facts are undisputed. Papa was injured in a car accident on July 11, 2001 in Tulsa, Oklahoma, caused by the negligence of defendant Donald Noone. Noone's liability insurance was insufficient to compensate Papa for his injuries. At the time of his accident, Papa was driving an Avis rental car, and he was acting in the course and scope of his employment with S&B Engineers and Constructors, Ltd., headquartered in Houston, Texas (S&B). S&B had a

commercial automobile insurance policy issued by AHA (the S&B policy). It is undisputed that the S&B policy was negotiated, issued, and delivered in Texas.

Papa alleges that he is entitled to uninsured/underinsured (UN/UIM) motorist coverage under the S&B policy. AHA denied coverage, stating that the S&B policy limits UM/UIM coverage to automobiles owned by S&B and garaged in a state where uninsured motorists coverage may not legally be rejected by the insured. Because the rental car was neither owned by S&B nor garaged in a state where UM/UIM coverage is compulsory, AHA contends Papa is not entitled to UM/UIM coverage under the S&B policy.

Both parties moved for summary judgment. Papa argues the S&B policy is governed by Louisiana law, and that under the laws of that state, the UM/UIM limitation in the S&B policy is illusory and void. AHA argues the S&B policy is governed by Texas law, where the policy was issued, and that the UM/UIM limitation is valid under Texas law, as well as the laws of Louisiana and the forum state, Oklahoma.

The district court correctly applied Oklahoma choice-of-law principles to determine which jurisdiction governed the interpretation of the S&B policy. *See BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) (holding that forum state's choice-of-law principles control in diversity actions). It ruled that under these principles, Texas law governed the

interpretation of the S&B policy because both parties to the policy, S&B and AHA, were located in Texas and the policy was negotiated and issued in Texas. It alternatively ruled that, even were Louisiana law to govern the S&B policy, Papa was clearly not entitled to UM/UIM coverage thereunder.

II.

On appeal, Papa contends the district court erroneously applied the choice-of-law principles and that Louisiana, rather than Texas, law should control the outcome of this case. We review the district court's choice-of-law ruling de novo. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1544 (10th Cir. 1996).

Under Oklahoma's choice-of-law rules, "[t]he validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made. . . ." *Bohannan v. Allstate Ins. Co*., 820 P.2d 787, 797 (Okla. 1991). There are two exceptions: *one*, if those provisions are contrary to the public policy of Oklahoma, *id*., which Papa does not assert, or *two*, if the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties, *id*., which he does assert.

Papa argues that, even though the S&B policy was entered into in Texas where both parties to the contract were located, Louisiana has the most significant relationship with the subject matter and the parties. He bases this argument on

-4-

the fact that he is a Louisiana resident, that the only car listed as a covered automobile in the S&B policy was garaged in Louisiana, and that the S&B policy contains an endorsement that modifies the policy to comply with Louisiana law in the event the covered vehicle in question is garaged in Louisiana.

Oklahoma courts have rejected similar, even stronger, arguments, concluding that in the area of UM/UIM insurance coverage, which is heavily regulated by state statutes, the location of the insured automobile is not of great significance. Rather, the place of performance and the place of contracting are of greater significance, which preserves the insurance benefits contracted for and paid for pursuant to the law of the contracting state. *Bohannan*, 820 P.2d at 796; *Herren v. Farm Bureau Mut. Ins. Co.*, 26 P.3d 120, 123 (Okla. Civ. App. 2001). Here, the vehicle involved in the accident was not garaged in, and had no contacts with, Louisiana. We agree with the district court that the mere existence of a Louisiana endorsement in the S&B policy is irrelevant, because no vehicle garaged in, or having contacts with, Louisiana is at issue.

Papa argues that even if Texas law governed, Texas would apply the laws of Louisiana. His circular argument is premised on Texas decisions that have applied the law of the state having the most significant relationship with the parties and the contract at issue. As we have held, Texas, not Louisiana, has the most significant relationship with the parties and the S&B policy.

-5-

We conclude that the district court correctly ruled that Texas, the place where the S&B policy was negotiated and entered into, and where both parties to the policy were located, has the most significant relationship to the subject matter and the parties, and that its law, therefore, governs the interpretation of the S&B policy. [1]  Papa does not contend that the limitation on UM/UIM coverage in the S&B policy is in any way violative of, or unenforceable under, Texas law or that he otherwise is entitled to UM/UIM coverage under Texas law.  We accordingly agree with the district court that Papa failed to demonstrate that he is entitled to UM/UIM coverage under the S&B policy.

### III.

Papa next asserts that, despite the district court's ruling regarding coverage under the S&B policy, he is still entitled to pursue his bad faith claim.  He alleges that AHA agents wrongfully failed to furnish him with a copy of the S&B policy.  Under Texas law, "there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).  The *Republic* court did state that it would not "exclude . . . the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of [the policy] claim."

---

[1]  Having so concluded, we need not address the district court's alternative ruling that, even under Louisiana law, Papa would not be entitled to UM/UIM coverage under the unambiguous terms of the S&B policy.

*Id*. We can find no Texas authority, however, for Papa's proposition that the mere failure to provide a claimant with a copy of the policy is an act so extreme as to establish a bad faith tort claim when, as here, there is a reasonable basis for denying benefits to the claimant under the policy. Furthermore, Papa presented no evidence that the manner in which his claim was handled caused him any injury or damages independent of the denial of policy benefits. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998) (holding that bad faith claims based on the handling and investigation of a claim must cause injury independent of the denial of policy benefits). We conclude that Papa failed to demonstrate that AHA acted in bad faith in handling or investigating his claim or in denying or delaying any benefits to him.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge