# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Farmers Automobile Insurance Ass'n v. Burton*, 2012 IL App (4th) 110289**

---

| | |
|---|---|
| Appellate Court Caption | FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Plaintiff-Appellee, v. RODNEY L. BURTON; and CARRIE BUCKLEY, as Administratrix of the Estate of TIMOTHY A. BUCKLEY, Deceased, Defendants-Appellants. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0289, 4-11-0330 cons. |
| Rule 23 Order filed | March 1, 2012 |
| Rule 23 Order withdrawn | March 22, 2012 |
| Opinion filed | March 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for plaintiff insurer in its declaratory judgment action alleging that defendant did not provide reasonable notice of the accident which caused the death of the other defendant's decedent, since the record showed defendant failed to provide notice of the automobile accident for over 11 months after he knew the State believed he killed the victim in a hit and run accident and that was clearly not reasonable notice under the terms of the policy. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 10-MR-375; the Hon. Albert G. Webber, Judge, presiding. |
| Judgment | No. 4-11-0289, Affirmed.<br>No. 4-11-0330, Affirmed. |

Counsel on
Appeal

Frank H. Byers II (argued), of Frank H. Byers II, Ltd., of Decatur, for appellant Carrie Buckley.

Michael J. Costello (argued), of Costello Law Office, of Springfield, for appellant Rodney L. Burton.

Robert Marc Chemers (argued) and Peter G. Syregelas, both of Pretzel & Stouffer, Chtrd., of Chicago, for appellee.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.

Justices Steigmann and Cook concurred in the judgment and opinion.

**OPINION**

¶ 1    In March 2011, the trial court awarded summary judgment to plaintiff, Farmers Automobile Insurance Association (Farmers), in the declaratory judgment action it brought against defendants, Rodney L. Burton and Carrie Buckley, the administrator of the estate of Timothy A. Buckley, because Burton did not provide reasonable notice to Farmers of the automobile accident which caused Timothy's death. Burton (No. 4-11-0330) and Buckley (No. 4-11-0289) filed separate appeals challenging the court's summary judgment ruling. We have consolidated these appeals for purposes of our review. We affirm.

¶ 2                                 I. BACKGROUND

¶ 3    On April 30, 2010, Buckley filed a cause of action against Burton alleging he caused Timothy's death on May 11, 2008. Buckley's complaint was served on Burton on June 7, 2010. According to the complaint, a motor vehicle driven by Burton struck and drove over Timothy. Buckley alleged Burton did not stop or give assistance to Timothy or report the incident to law enforcement or other governmental authorities.

¶ 4    In September 2010, Farmers filed a complaint for declaratory judgment against Burton and Buckley. Farmers provided automobile insurance to Burton at the time of Timothy's death. Farmers alleged Burton first gave it notice of the May 2008 accident on July 8, 2010, after Burton was convicted of leaving the scene of an accident involving a death.

¶ 5    Burton's insurance policy contained the following provision concerning liability coverage:

"A. We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the 'insured.' We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of

liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy."

However, the policy also contained the following provision concerning an insured's duty after an accident or loss:

"A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses."

Farmers accepted the tender of Burton's defense with respect to Buckley's claim, subject to a reservation of its rights.

¶ 6 In its complaint for declaratory judgment, Farmers claimed it had no duty or obligation to defend Burton in the action filed against him by Buckley because Burton breached the notice condition of the policy. According to the complaint, Burton did not provide notice of the occurrence for almost 26 months after it occurred.

¶ 7 Buckley responded to the complaint, denying Farmers was prejudiced by the notice it received. Buckley further denied Burton failed to reasonably comply with the notice provisions of his insurance policy.

¶ 8 In November 2010, Farmers filed a motion for summary judgment based on Burton's failure to provide reasonable notice. That same month, Buckley filed a motion for summary judgment, arguing Burton had no duty to notify Farmers until he was served with a summons in the case filed by Buckley against Burton. According to Buckley's motion, Burton complied with the policy's notice provisions.

¶ 9 In January 2011, Burton filed a response to Farmers' motion for summary judgment. Burton argued collateral estoppel should not apply in this case because it would be unfair to Burton since he had maintained his innocence throughout the life of the criminal case and his conviction was a manifest injustice. He also argued he could not have violated the notice requirements because he had no knowledge of the occurrence which caused Timothy's death.

¶ 10 On March 29, 2011, the trial court granted Farmers' motion for summary judgment. The court stated:

"This is a complaint for Declaratory Judgment on an insurance policy. Previously, this Court addressed the same underlying fact situation in a declaratory judgment action involving Dram Shop coverage and the salient facts (well-known to the parties) are set forth in this Court's Order of September 7, 2010[,] in Macon County cause no. 10-L-52. Those fact determinations are incorporated by reference here. The Plaintiff here insured Rodney Burton (Burton) on an automobile liability policy. The policy required the insured, Burton, to 'promptly' notify the Plaintiff in the event of an 'accident or loss.' Burton was convicted on June 10, 2010, of leaving the scene of an accident causing the death of Timothy Buckley (Buckley) (Macon County cause no. 09-CF-1340). Burton had been arrested for the crime on August 28, 2009, and was arraigned on the charge on September 3, 2009. It is undisputed Burton first notified Plaintiff of this claim on July 8, 2010, having been served with summons in Macon County cause no. 10-L-52 on or

-3-

about June 2, 2010. Burton argues that since he has always maintained his innocence and non-involvement in the death of Buckley, he had no obligation to notify the Plaintiff of anything until he was served with the summons and complaint in case no. 10-L-52. The Plaintiff now moves for summary judgment, as does the Defendant, Carrie Buckley (Carrie Buckley is administrator of Timothy Buckley's estate). The Plaintiff argues Burton's notice of the loss was inexcusably late, and that following *American Country Insurance Co. v. Bruhn*, 289 Ill. App. 3d 241 (2nd Dist. 1997) a fear of criminal prosecution does not excuse failure to notify an insurer if coverage is sought for a loss which also involved a crime. The Plaintiff notes *Bruhn* was followed in *American Standard Insurance Company of Wisconsin v. Slifer*, 395 Ill. App. 3d 1056 (4th Dist. 2009). Carrie Buckley counters that in both *Bruhn* and *Slifer*, the insured admitted guilt to the crime involving the loss, and here Burton has always maintained his innocence. Burton has filed an affidavit in the instant cause reiterating his position he is innocent of causing the death of Buckley and was wrongfully convicted. What both Burton and Carrie Buckley fail to account for is the delay between Burton's arrest and arraignment in late August and early September 2009, and his notification to the Plaintiff in July 2010, approximately 11 months later. Burton points to no authority which holds that once a person is arrested and arraigned for a crime which might involve an insured loss, it is tantamount to an admission of criminal guilt to notify that person's insurance carrier of the charges if a civil defense and indemnity are sought. No authorities would seem to support the assertion of Burton and Buckley that only conviction of a crime informs the insured of a 'loss or accident.' Burton offers no excuse for the 11 month delay in informing the Plaintiff of the loss except his affirmance of innocence of the underlying crime. That Burton maintains his innocence is [a] distinction without a difference under the authority of *Bruhn* and *Slifer*. This places this case squarely among those cases where the delay in notifying the insurer was solely attributable to the insured's negligence. The Plaintiff's motion for summary judgment is allowed, and the Plaintiff owes no defense or indemnity to Burton in Macon County cause no. 10-L-52. Carrie Buckley's Motion for Summary Judgment is denied."

¶ 11 These appeals followed. We note two motions were taken with this case. On September 1, 2011, Farmers filed a motion to strike certain portions of Buckley's brief and appendix. On December 5, 2011, Farmers filed a motion to cite additional authority. We deny both of these motions.

¶ 12                                    II. ANALYSIS

¶ 13 The issue before this court is whether the trial court erred in granting Farmers' motion for summary judgment based on Burton's failure to provide reasonable notice to Farmers of an automobile accident which caused Timothy's death. Summary judgment is a drastic means of disposing of litigation. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163, 862 N.E.2d 985, 991 (2007). For summary judgment to be appropriate, the movant's right must be clear and free from doubt. *Bagent*, 224 Ill. 2d at 163, 862 N.E.2d at 991.

¶ 14 Summary judgment is only proper where the pleadings, depositions, admissions, and

affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Quincy Mall, Inc. v. Kerasotes Showplace Theatres, LLC*, 388 Ill. App. 3d 820, 824, 903 N.E.2d 887, 890 (2009). We review the grant of a motion for summary judgment under a *de novo* standard of review. *Coole v. Central Area Recycling*, 384 Ill. App. 3d 390, 395, 893 N.E.2d 303, 308 (2008).

¶ 15        A party moving for summary judgment bears the burden of meeting the initial burden of production and the ultimate burden of proof. See *Pecora v. County of Cook*, 323 Ill. App. 3d 917, 933, 752 N.E.2d 532, 545 (2001); *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 689, 737 N.E.2d 662, 668 (2000); see also Barbara A. McDonald, *The Top 10 Ways to Avoid Losing a Motion for Summary Judgment*, 92 Ill. B.J. 128, 128-29 (2004). "If the movant has the burden of proof at trial, the movant must produce affirmative evidence that, if uncontradicted, would justify a directed verdict at trial to carry the original burden of production on the motion." 4 Richard A. Michael, Illinois Practice § 40.3 (2d ed. 2011) (Civil Procedure Before Trial). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to present some evidence demonstrating "1) the movant's evidence about a material fact is not undisputed; 2) other material facts are disputed; or 3) more than one reasonable inference can be drawn from the undisputed facts." Barbara A. McDonald, *The Top 10 Ways to Avoid Losing a Motion for Summary Judgment*, 92 Ill. B.J. 128, 130 (2004).

¶ 16        In its declaratory judgment action, Farmers alleged it had neither a duty to defend nor a duty to indemnify Burton as a result of the accident because Burton did not provide the company with prompt notice. The insurance policy in question contained a provision requiring the insured to provide prompt notice of any accident or loss. Our supreme court has stated: "A provision in an insurance liability policy requiring an insured to give the insurer notice of an accident is a reasonable policy requirement, one which affords the insurer an opportunity to make a timely and thorough investigation and to gather and preserve possible evidence." *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill. 2d 278, 281, 319 N.E.2d 25, 27 (1974). Notice provisions in an insurance policy are not merely technical requirements but are conditions precedent to an insurer's contractual duties. *Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc.*, 313 Ill. App. 3d 457, 464, 729 N.E.2d 915, 920-21 (2000); see also *Country Mutual Insurance Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311, 856 N.E.2d 338, 343 (2006) (recognizing these clauses impose valid prerequisites to insurance coverage). "Breaching a policy's notice clause by failing to give reasonable notice will defeat the right of the insured to recover under the policy." *Livorsi*, 222 Ill. 2d at 312, 856 N.E.2d at 343. "Whether notice has been given within a reasonable time depends on the facts and circumstances of each case." *Livorsi*, 222 Ill. 2d at 311-12, 856 N.E.2d at 343.

> "The following factors *may be considered* in determining whether notice to an insurer has been given within a reasonable time: (1) the specific language of the policy's notice provision; (2) the insured's sophistication in commerce and insurance matters; (3) the insured's awareness of an event that may trigger insurance coverage; (4) the insured's diligence in ascertaining whether policy coverage is available; and (5) prejudice to the

insurer." (Emphasis added.) *West American Insurance Co. v. Yorkville National Bank*, 238 Ill. 2d 177, 185-86, 939 N.E.2d 288, 293-94 (2010).

Whether Farmers was prejudiced by the late notice is a relevant factor. However, it is not a determinative factor. According to our supreme court, an insurance company does not have to establish it was prejudiced for notice to be unreasonable. *Livorsi*, 222 Ill. 2d at 317, 856 N.E.2d at 346. In addition to the factors listed by our supreme court in *West American Insurance Co.*, the most obvious factor to be considered in determining whether notice was reasonable is time itself, which in this case was almost 26 months after the accident and approximately 11 months after Burton's arrest and arraignment.

¶ 17    Burton still contends he did not hit and kill Timothy. However, as for the rest of the material facts in this case, the parties appear to be in agreement. Timothy was killed after being struck by an automobile on May 11, 2008. On August 28, 2009, Burton was arrested. On September 3, 2009, he was charged with leaving the scene of the accident and failing to report the fatal motor vehicle accident. On April 30, 2010, Carrie Buckley, as administrator of Timothy's estate, filed a complaint against Burton and other defendants. In June 2010, following a jury trial, Burton was convicted of leaving the scene of an accident and failing to report the resulting fatality (Macon County case No. 09-CF-1340). Burton did not notify Farmers of the accident in question until July 8, 2010. Finally, on August 18, 2011, this court affirmed Burton's criminal conviction. See *People v. Burton*, 2011 IL App (4th) 100725-U (unpublished order under Supreme Court Rule 23).

¶ 18    While Burton still contends he did not hit and kill Timothy, he was convicted of leaving the scene of the accident that resulted in Timothy's death and failing to report the resulting fatality. Regardless of his denial of involvement or his ultimate conviction, the key date in this case is the date of his arrest for the hit and run death of Timothy.

¶ 19    Buckley, in her brief, points to the notice provision in the policy, which states: "[Farmers] must be notified promptly of how, when and where the accident or loss happened." Buckley questions what this provision means. According to Buckley's brief:

        "In this case [Burton] asserts that he did not have an 'accident' and he asserts he was not involved in a 'loss[.'] While he was arrested, [Burton] claims he had no factual knowledge to submit to the insurance company. Was he required to submit to [Farmer's] the fact that he had been arrested in a criminal case in order to maintain his insurance coverage? Does getting arrested equate to being in an 'accident or a loss[?']"

While being arrested does not equate to an "accident or loss," Burton's arrest for the hit and run death of Timothy placed him on notice of both his potential criminal and civil liability for the accident which resulted in Timothy's death. Regardless of his claim he was not involved in this accident, he should have known he could be found legally responsible for Timothy's death. As a result, his insurance policy required him to provide prompt notice of the accident and loss. Burton's policy clearly stated: "We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes *legally responsible* because of an auto accident." (Emphasis added.)

¶ 20    Burton should have promptly notified his insurance company after he had been arrested for the hit and run accident. Based on the undisputed facts in this case, Farmers met its

burden for summary judgment purposes of establishing Burton failed to provide reasonable notice of the accident.

¶ 21    The only reasonable inference to be drawn from the undisputed facts in this case is that Burton did not provide prompt notice to Farmers because he believed that notice would somehow further implicate him in the hit and run accident. However, he could have provided notice without making any admission of guilt. Regardless of his consistent denials of involvement in the accident, we find his failure to provide notice to his insurance company after his arrest inexplicable. Even if his belief providing notice to the insurance company would be detrimental to his defense in the criminal case, fear of criminal prosecution does not excuse the violation of an insurance policy's notice provision. See *American Country Insurance Co. v. Bruhn*, 289 Ill. App. 3d 241, 249, 682 N.E.2d 366, 371 (1997); *American Standard Insurance Co. of Wisconsin v. Slifer*, 395 Ill. App. 3d 1056, 1062-63, 919 N.E.2d 372, 377-78 (2009).

¶ 22    The trial court did not err in granting Farmers' motion for summary judgment in this case. Farmers established Burton did not provide it with notice of the automobile accident for over 11 months after he knew the State believed he killed Timothy in the hit and run accident. This clearly was not reasonable notice under the policy.

¶ 23                                    III. CONCLUSION
¶ 24    For the reasons stated, we affirm the trial court's order granting Farmers' motion for summary judgment.

¶ 25    No. 4-11-0289, Affirmed.
¶ 26    No. 4-11-0330, Affirmed.

-7-